2 So.2d 452

### HORTON et ux. v. MARTIN.

6 Div. 834.

Supreme Court of Alabama.
May 22, 1941.

Irvine C. Porter, of Birmingham, for appellee.

Kelvie Appelbaum and Victor H. Smith, both of Birmingham, for appellants.

BROWN, Justice.

The indebtedness, the subject-matter of the bill filed by appellee, originated in the execution of a lease sale contract by Ramsey-McCormack, Inc., doing business as the Bank of Ensley, to appellants on the 5 day of June, 1927, evidenced by said contract, a copy of which is attached to the bill as exhibit A, and a series of notes, eighty-six in number, for twenty-

266

five dollars each. Said contract evidences a sale to appellants of the several lots or parcels of land described in the bill, upon condition that all of said notes are paid, with option on the part of the lessor-vendor to declare a forfeiture, and treat said notes as given for rent, reserving the legal title to the property in the seller, Ramsey-McCormack, Inc.

The Bank of Ensley, went into liquidation in 1930, and its affairs and assets were taken over and administered by the State Banking Department. Pursuant to a decree of the Circuit Court, as the bill avers, "all the remaining assets of said Bank of Ensley (Ramsey-McCormack, Inc.) were duly sold assigned, and transferred, for a valuable consideration, to W. J. Syx and that the aforesaid series of promissory notes and lease sale contract, securing the same, were among such assets and affairs of said Bank, thus sold, transferred and assigned. That on to-wit, the 31st day of August, 1938, the aforesaid W. J. Syx, for a valuable consideration, did sell, convey assign and deliver to the complainant herein, all right, title and interest, which the said W. J. Syx [had] in all the remaining assets sold to him under and by virtue of the terms of the aforesaid decree, and that pursuant to said sale, the said W. J. Syx, did deliver over to the complainant herein the above described series of promissory notes and lease sale contract, and that attached hereto, marked Exhibit 'B', and made a part hereof as if herein fully set out is a true and correct copy of the transfer made by the aforesaid W. J. Syx, and delivered to the complainant herein."

Fifty-four of said notes have not been paid though past due and demand for their payment has been refused.

The transfer by Syx to complainant does not purport to convey the lots or parcels of land, and it does not appear that the title to said parcels passed to said Syx, by the sale under the court decree.

Taking the averments of the bill as true the legal title to said parcels of land is still vested in Ramsey-McCormack, Inc., who hold it in trust for the complainant as the owner of said indebtedness and the lease sale contract.

The bill has equity to declare the right of the lessee-purchasers forfeited, unless they discharge said indebtedness within a time to be fixed by the decree of the court, and to divest the legal title to said lots out of Ramsey-McCormack, Inc.,

and vest it in complainants, if the balance due on the debt is not paid. If said balance is paid, the decree should vest the title to said lands in the respondents, the lessee-purchasers.

To this end, however, Ramsey-McCormack, Inc., are necessary parties. The demurrer takes this point and the court erred in overruling the demurrer.

Reversed and Remanded.

GARDNER, C. J., THOMAS, and FOSTER, JJ., concur.